UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO: 2:18-cr-190-SPC-NPM

WILLIAM THOMAS
_____/

# ORDER

Before the Court are Defendant William Thomas's *pro se* Motion Requesting Sentence Modification Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 759), the United States Probation Office's Memorandum (Doc. 767), and a Notice That the Federal Defender's Office Has Satisfied the Requirements Imposed by the Amendment 821 Omnibus Order (Doc. 781).

Defendant is serving a 293-month sentence for drug-related offenses. (Doc. 551). In his motion, Defendant argues that he is entitled to a status points reduction. (Doc. 759 at 2).

It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to eliminate the extra points if they meet three criteria: (1) the defendant was assessed two status points under § 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points

under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range; and (3) the defendant received a higher sentence than the minimum of the amended guideline range.

The Court sentenced Defendant on January 28, 2020.  (Docs. 541, 551). Probation explains that neither Part A nor Part B, subpart 1, of Amendment 821 applies to Defendant because he was assessed one or more criminal history points and was not assessed status points.  U.S.S.G. § 1B1.10(a)(2)(A).

The Federal Defender agrees with Probation's assessment.  (Doc. 781 at 2).  So the Federal Defender cannot argue in good faith that Defendant is eligible for a sentence reduction and states that he will not file a motion for sentence reduction under Amendment 821 on Defendant's behalf.  The Federal Defender states that he will notify Defendant of his position and move to terminate his representation of Defendant.

Having reviewed the record in this case, the Court agrees with Probation and the Federal Defender.  Because Defendant was assessed one or more criminal history points and was not assessed status points, he is ineligible for a reduction under Amendment 821.  Because Amendment 821 does not apply to Defendant, the Court need not evaluate the 18 U.S.C. § 3553(a) factors.

Accordingly, it is

**ORDERED**:

Defendant Thomas's Motion Requesting Sentence Modification Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 759) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on April 17, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

3